ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CASEY BOOME (NYBN 5101845)
LAURA VARTAIN HORN (CABN 258485)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6627
FAX: (415) 436-7234
Email: casey.boome@usdoj.gov
Laura.Vartain@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 24-CR-00141-VC |
| Plaintiff, | ) ) | STIPULATED INTERIM PROTECTIVE ORDER |
| v. | ) ) | |
| LINWEI DING, a.k.a. Leon Ding, | ) ) | |
| Defendant. | ) ) | |

WHEREAS during the course of discovery in the above-captioned criminal case, the United

States may produce documents and other items containing information that is claimed by Google, LLC

to be kept protected as a possible "trade secret" (within the meaning of 18 U.S.C. § 1839(3)); and

WHEREAS the United States and defendant LINWEI DING, a.k.a. Leon Ding ("THE

DEFENDANT") deem it appropriate for the purpose of facilitating pretrial negotiations and to provide

for the protection of such information without agreeing between them that the specific information is in

fact intended to be kept secret or is a trade secret, and with the further understanding that nothing in this

stipulated protective order creates any presumption regarding whether the specific information is intended to be kept secret or is a trade secret, and lastly preserving THE DEFENDANT'S rights to challenge any such designation at a later time;

IT IS HEREBY STIPULATED AND AGREED by and between the United States and THE DEFENDANT and his counsel that the following definitions and procedures will govern the designation and handling of material and other information produced by the United States during pretrial negotiations, while reserving the question of how such material and information should be handled at trial, and during pre-or post-trial hearings for a future time.

1.      Definitions:

a.      "Confidential Material" shall mean information that the Government contends is intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3).

b.      "Discovery Material" shall mean all materials disclosed by the United States during discovery in this case.

c.      The protections conferred by this Stipulated Interim Protective Order cover not only Confidential Material (as defined above) but also include: i) any information copied or extracted from Confidential Material; ii) all copies, excerpts, summaries, or compilations of Confidential Material; and iii) any testimony, conversations, or presentations by the parties and their counsel that might reveal Confidential Material.

d.      Inadvertent failure to designate qualified information or items as Confidential Material does not, standing alone, waive the United States' right to secure protection under this Stipulated Interim Protective Order for such material if timely corrected.  Upon timely correction of designation, THE DEFENDANT and his counsel must make reasonable efforts to assure the materials are treated in accordance with the provisions of this Stipulated Interim Protective Order.

2.      The United States may designate Discovery Material as Confidential Material to the extent that it believes in good faith that the information or material is or may be Confidential Material as defined in paragraph 1(a) above.  Any labeling, segregation, or designation of Discovery Material as "Confidential Material" should be made, whenever possible, in the case of written, tangible, or

1   documentary Discovery Material, at the time that Discovery Material is produced or made known to

2   THE DEFENDANT by stamping each page "CONFIDENTIAL" in a manner that is readily

3   distinguishable from any pre-existing confidential designation.  Computer memory storage materials

4   such as tapes, diskettes, hard drives, or other memory media containing Discovery Material deemed by

5   the United States as containing Confidential Material shall be labeled on the outside of the media as

6   "CONFIDENTIAL."  Specifically, all source code on media storage devices and certain charts shall be

7   deemed "CONFIDENTIAL."  The Government shall maintain unlabeled or "clean" copies of all

8   discovery material that it has labeled "CONFIDENTIAL" under this stipulated order for the future use

9   by the parties in subsequent proceedings.

10          3.      Discovery Material designated as "CONFIDENTIAL" shall be retained by THE

11   DEFENDANT'S counsel in the above-captioned case and furnished, at this time, to no one other than

12   THE DEFENDANT'S counsel in the above-captioned case, THE DEFENDANT, the staff supporting

13   THE DEFENDANT'S counsel in the above-captioned case such as interpreters, paralegal assistants, and

14   secretarial, stenographic, and clerical employees who are working on this case under the direction of

15   THE DEFENDANT'S counsel and to whom it is necessary that the materials be disclosed for purposes

16   of the defense of this case.  THE DEFENDANT'S counsel may further show documents to any

17   custodian listed on the face of such document but shall not leave any such Confidential Material with the

18   custodian.  THE DEFENDANT'S counsel may also show documents to any potential witness that they

19   deem necessary for the defense of this matter but shall not leave any such Confidential Material or

20   summary of the Confidential Material with the potential witness.  THE DEFENDANT'S counsel agrees

21   to keep a log reflecting the date(s) on which a particular custodian or witness viewed Confidential

22   Material and what specific Confidential Material was viewed.  In the event that THE DEFENDANT or

23   his counsel wishes to consult an expert regarding these materials, the procedure for doing so is

24   addressed in paragraph 8 of this agreement.  All such material shall be kept in the possession of THE

25   DEFENDANT'S counsel in the above-captioned case and neither this material nor any copies of the

26   material shall leave their possession (including via electronic transmission of any sort) for any purpose

27   except submission in camera to the Court, except that counsel may include the material in emails among

28

STIPULATED INTERIM PROTECTIVE          3                    v. 7/10/2018
ORDER
24-CR-00141-VC

themselves as necessary for the defense of this matter, provided that when Confidential Materials are attached to an email between counsel, the confidential materials shall be encrypted. Electronic copies of this material may be stored on stand-alone, password protected laptop computers and in password protected cloud-based accounts belonging to THE DEFENDANT'S counsel. Moreover, no such material shall be downloaded to or maintained by THE DEFENDANT'S counsel on a portable storage device such as a thumb drive or removable external hard drive, unless that thumb drive or external storage device is password protected. However, should THE DEFENDANT be incarcerated before the resolution of this Indictment, his counsel may bring the designated Confidential Material to the facility in which he is incarcerated to assist in the defendant's preparation but shall not leave any such Confidential Material with the defendant. All such material shall be used solely for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of any defendant or for the benefit of any third party. All motions which contain any of the material labeled "CONFIDENTIAL" and which are filed with the Court shall be filed and kept under seal until further order of the Court. Confidential Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes or boxes prominently marked with the caption of this case and the notation:

> "TO BE FILED UNDER SEAL"
> Contains Confidential Material
> To Be Opened Only As Directed By The Court

4.      The recipient of any Confidential Material that is provided under this Stipulated Interim Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

5.      At the conclusion of the above-captioned case, THE DEFENDANT and his counsel in the above-captioned case agree to notify the government so that the government can request materials subject to this Protective Order (including any copies) be returned to the United States. To the extent that THE DEFENDANT'S counsel intends to maintain possession of the Confidential Material, it must so do under conditions specified in this Protective Order. If THE DEFENDANT'S counsel cannot

1  ensure that the material will be kept under the conditions specified in this Order, THE DEFENDANT'S

2  counsel will destroy the material. THE DEFENDANT'S counsel will destroy his work product that

3  contains Confidential Materials, except as directed by the Court.

4          6.      Nothing herein shall prevent THE DEFENDANT from using the Confidential Material or

5  from referring to, quoting, or reciting from any information contained in such Confidential Material in

6  connection with pleadings or motions filed in this case, provided that such materials be filed under seal

7  and/or submitted to the Court for in camera inspection.  The use of Confidential Material at trial or pre-

8  or post-trial hearing will be resolved at or before the time of the trial or hearing.

9          7.      Should the defendant dispute the propriety of any designation of Discovery Material as

10  Confidential Material, his counsel shall notify the United States in writing.  Within fourteen business

11  days from receiving the notice, the United States shall respond to the notice in writing.  If, after this

12  exchange of correspondence, the defendant and the United States cannot resolve their dispute, they may

13  apply to the Court to do so.  The burden shall be on the government to prove that the material qualifies

14  as Confidential Material.  During the pendency of the dispute and any court resolution thereof, including

15  an appeal of the Court's decision on such motion, the discovery material shall be deemed

16  "CONFIDENTIAL" as designated and shall be covered by the provisions of this Stipulated Interim

17  Protective Order.  The parties understand that, as this Stipulated Interim Protective Order is primarily

18  intended to facilitate pretrial negotiations, THE DEFENDANT and his counsel may choose not to

19  formally challenge the Government's designation of certain material as confidential at this stage in the

20  proceedings.  Such a failure to challenge the confidential designation does not constitute a waiver on the

21  defendant's part of either the ability to challenge that confidential designation or the ability to contest

22  that certain portions of the designated Confidential Material constitutes "trade secret" information under

23  18 U.S.C. § 1839(3).

24          8.      At such time as the defendant retains an expert or experts to assist in the review of the

25  Confidential Material, each such person shall execute an Acknowledgment in the form attached to this

26  Stipulation.  THE DEFENDANT shall not be required to provide said Acknowledgment, or the identity

27  of the expert who signed it, to the United States, unless so ordered by the Court.  The United States

28

STIPULATED INTERIM PROTECTIVE                    5                    v. 7/10/2018
ORDER
24-CR-00141-VC

retains the right to request that the Court authorize such disclosure.  Nothing in this paragraph relieves the defendant of the discovery obligations contained in Federal Rule of Criminal Procedure16(b)(1)(C), nor does the United States waive any rights thereunder by entering into this stipulation.  By signing and agreeing to the terms of this Stipulated Interim Protective Order, no person shall be deemed to have conceded that any material has been properly designated as confidential.

9.      Nothing in this order shall preclude the United States or THE DEFENDANT from applying to the Court for further relief or modification. The parties' agreement to enter into this Stipulated Interim Protective Order at this time is for the purpose of pretrial negotiations, and is not a concession by the defendant that the terms contained herein would be appropriate should the case proceed beyond that stage.

10.     Willful violation of this Stipulated Interim Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, or any other sanctions or combination of sanctions which are legally available.

DATED:  March 26, 2024                          Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


*/s/ Casey Boome*_____
CASEY BOOME
LAURA VARTAIN HORN
Assistant United States Attorney


DATED:  March 21, 2024                           */s/ Grant Fondo*_____
GRANT P. FONDO
Attorney for Defendant LINWEI DING


IT IS SO ORDERED

DATED:                                          _____
HON. LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE

AGREEMENT TO BE BOUND BY STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, defendant LINWEI DING, and GRANT P. FONDO, counsel in the above-captioned case, 24-CR-00141-VC, hereby acknowledge that they have received a copy of the Stipulated Interim Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED: March 21, 2024                    _/s/ Grant Fondo_____
                                         GRANT P. FONDO
                                         Attorney for Defendant LINWEI DING

DATED: March 21, 2024                    _/s/ Linwei Ding_____
                                         LINWEI DING
                                         Defendant

1   ACKNOWLEDGMENT OF STIPULATED INTERIM PROTECTIVE ORDER IN UNITED STATES

2   v. LINWEI DING, a.k.a. Leon Ding, 24-CR-00141-VC

3   The undersigned hereby acknowledges receipt of a copy of the Stipulated Interim Protective

4   Order issued in *UNITED STATES v.* LINWEI DING, a.k.a. Leon Ding, 24-CR-00141-VC, has read,

5   understands, and agrees to the terms of the Stipulated Protective Order, and hereby submits to the

6   jurisdiction of the United States District Court for the Northern District of California for the purposes of

7   enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations

8   thereof.

9   Further, the undersigned understands that the sole permissible use of the Confidential Material

10  provided and viewed under the provisions of this Stipulated Interim Protective Order is to assist in the

11  preparation of the defendant, LINWEI DING, defense to 24-CR-00141-VC.

12  The undersigned understands that no further use may be made of the Confidential Material

13  whatsoever, and that any willful violation of the Stipulated Interim Protective Order may result in

14  criminal and civil penalties.

15  DATED: _____

16

17  _____        _____

18  Signature                                                      Street Address

19  _____        _____

20  Printed Name                                                City, State, and Zip Code

21

22                                                                        _____

23                                                                        Area Code and Telephone Number

24                                                                        _____

25                                                                        Email Address

26

27

28