1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney

2

3  MARTHA BOERSCH (CABN 126569)
   Chief, Criminal Division

4  CASEY BOOME (NYBN 5101845)
   MOLLY K. PRIEDEMAN (CABN 302096)

5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495

7      Telephone: (415) 436-6627
       casey.boome@usdoj.gov

8      molly.priedeman@usdoj.gov

9  Attorneys for United States of America

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,          )  CASE NO. 3:24-cr-00141-VC
                                        )
            Plaintiff,                   )  **UNITED STATES' MOTION TO ADMIT**
15                                       )  **DING'S TESTIMONIAL STATEMENTS FOR**
        v.                               )  **IMPEACHMENT PURPOSES**
16                                       )
    LINWEI DING,                         )  The Honorable Vince Chhabria
17                                       )  Courtroom 4, 17th Floor
            Defendant.                   )
18  _____)

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Through this motion, the United States provides notice and moves for a pretrial order permitting admission of statements made by the defendant Linwei Ding ("Ding") during his law enforcement interview on January 6, 2024 for impeachment purposes.

**FACTUAL BACKGROUND[1]**

Prior to trial, the parties litigated Ding's motion to suppress statements made during his interview with law enforcement on January 6, 2024 after execution of a federal search warrant. *See* Dkts. 82, 87, 88, 89, and 90. On May 1, 2025, the Court heard oral argument on the motion. Dkt. 97. On June 24, 2025, the Court issued an Order granting in part Ding's motion to suppress because of a *Miranda* violation (the "Order"). Dkt. 107. Specifically, the Order suppressed testimonial evidence obtained during law enforcement's interview, *i.e.*, Ding's statements. *Id.* at 8-9. However, the Court did not suppress any evidence discovered on Ding's electronic devices "because his decision to give the officers his passwords was voluntary and nontestimonial." *Id.* at 1. The Court also held that the officers did not "violate Ding's right to counsel" during their interview. *Id.*

On September 2, 2025, Ding filed his witness list for trial, which specifically "reserves his constitutional right to testify at trial in his own defense." Dkt. 132.

**ARGUMENT**

Pursuant to the Court's Order, at trial, the government will not introduce any testimonial statements made by Ding during his January 6, 2024 interview in its case-in-chief. However, if Ding testifies at trial, the Court should permit the government to admit Ding's testimonial statements for impeachment purposes against him.

The "impeachment exception to the exclusionary rule permits the prosecution in a criminal proceeding to introduce illegally obtained evidence to impeach the defendant's own testimony." *James v. Illinois*, 493 U.S. 307, 308-9 (1990). Citing Supreme Court precedent, the Ninth Circuit has held that the government may "introduce illegally obtained evidence for the limited purpose of impeaching the

---

[1] For judicial efficiency, the government incorporates by reference the facts of record from its Opposition to Defendant's Motion to Suppress Statements and Request for Evidentiary Hearing. Dkt. 87 at 7-14.

U.S.' MOTION TO ADMIT DEF. STATEMENTS FOR IMPEACHMENT PURPOSES
3:24-cr-00141-VC

1    credibility of the defendant's own testimony." *United States v. Rosales-Aguilar*, 818 F.3d 965, 969 (9th

2    Cir. 2016) (citing *James*, 493 U.S. at 312).  As the Ninth Circuit explained, this exception "'permits[s]

3    prosecutors to impeach defendants using incriminating yet voluntary and reliable statements elicited in

4    violation of *Miranda* requirements.'"  *Id.* at 969-70 (quoting *James*, 493 U.S. at 312).  In short, the

5    Supreme Court and Ninth Circuit both state that the government can use the defendant's voluntary

6    statements obtained in violation of *Miranda* to impeach the defendant's credibility if he testifies.

7         The only requirement is that Ding's statements were voluntary.  *Bradford v. Davis*, 923 F.3d

8    599, 615 (9th Cir. 2019).  "A voluntary statement must be the 'product of a rational intellect and a free

9    will.'"  *Id.*  The government "bears the burden of proving by a preponderance of the evidence" that the

10   defendant's statement was voluntary.  *Id.* (citation omitted).  A statement "is involuntary if coerced

11   either by physical intimidation or psychological pressure." *United States v. Shi*, 525 F.3d 709, 730 (9th

12   Cir. 2008) (quoting *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003)).  The courts

13   "consider the totality of circumstances in engaging in this inquiry."  *Id.*  Relevant factors may include:

14   "a suspect's age, education, intelligence, physical health, and prior experience with the criminal system;

15   the length, location, and conditions of detention; the length and nature of questioning; and the use by

16   law enforcement of any threats, punishments, or inducements." *Bradford*, 923 F.3d at 616.

17        The Court has already held that the statements made by Ding were voluntary because the

18   conditions related to his interview did "not rise to the level of physical coercion that would indicate [his]

19   'will was overborne by the circumstances [].'"  Dkt. 107 at 9.  Accordingly, Ding's statements to law

20   enforcement on January 6, 2024 are admissible for impeachment purposes at trial.

21

22

23

24

25

26   //

27   //

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CONCLUSION

For the foregoing reasons, the Court should issue a pretrial order that permits admission of statements made by Ding during his January 6, 2024 law enforcement interview for impeachment purposes.

DATED: September 9, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*Molly K. Priedeman*

MOLLY K. PRIEDEMAN
CASEY BOOME
Assistant United States Attorneys