1   CRAIG H. MISSAKIAN (CABN 125202)
    United States Attorney
2
    MARTHA BOERSCH (CABN 126569)
3   Chief, Criminal Division

4   CASEY BOOME (NYBN 5101845)
    MOLLY K. PRIEDEMAN (CABN 302096)
5   Assistant United States Attorneys

6        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
7        Telephone: (415) 436-6627
         casey.boome@usdoj.gov
8        molly.priedeman@usdoj.gov

9
                        UNITED STATES DISTRICT COURT
10
                     NORTHERN DISTRICT OF CALIFORNIA
11
                          SAN FRANCISCO DIVISION
12

13   UNITED STATES OF AMERICA,              )   CASE NO. 3:24-cr-00141-VC
                                            )
14         Plaintiff,                       )   **UNITED STATES' MOTION TO EXCLUDE**
                                            )   **EVIDENCE FROM THE VICTIM'S LEGAL**
15      v.                                  )   **COUNSEL AND OF THE GOVERNMENT'S**
                                            )   **CHARGING DECISIONS**
16   LINWEI DING,                           )
                                            )   The Honorable Vince Chhabria
17         Defendant.                       )   Courtroom 4, 17th Floor
                                            )
18   _____       )

19

20

21

22

23

24

25

26

27

28

U.S.' MOTION TO EXCLUDE EVIDENCE
3:24-cr-00141-VC

**INTRODUCTION**

Through this motion, the United States provides notice and moves for a pretrial order excluding defense evidence or argument related to: (i) emails from the victim's company's counsel summarizing other employees' descriptions of the documents stolen by the defendant Linwei Ding ("Ding"); (ii) the process undertaken by victim's counsel to analyze the documents stolen by Ding; and (ii) the government's charging decisions.

**FACTUAL BACKGROUND**

The defendant, Linwei Ding, is charged in a fourteen-count indictment.  Dkt. 138 (Second Superseding Indictment).  In Counts One through Seven, Ding is charged with theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(1), (2), and (3).  *Id.* ¶¶ 43-44.  In Counts Eight through Fourteen, Ding is charged with economic espionage, in violation of 18 U.S.C. § 1831(a)(1), (2), and (3).  *Id.* ¶¶ 45-46.  The charges stem from Ding's theft of information from seven categories of Google's trade secrets.

In early January 2024, after discovering that Ding had exfiltrated more than a thousand files containing Google information, Google made a referral to the FBI and U.S. Attorney's Office.  On January 6, 2024, the government executed search warrants on Ding's residence.  On January 13, 2024, the government executed search warrants on multiple of Ding's personal Google accounts and recovered over a thousand files that Ding had exfiltrated from Google.  Prior to exfiltrating the information, Ding copied and pasted contents of internal Google documents into Apple Notes staged on his corporate device, stripping them of their confidentiality markings, file names, and other identifying features, associated with the original Google source documents.

On March 6, 2024, the government charged Ding with the theft of trade secrets related to four categories of trade secrets. Dkt. 1.  On February 4, 2025, the government charged the defendant with theft of trade secrets and economic espionage related to seven trade secret categories in a superseding indictment.  Dkt. 44.  On September 9, 2025, the government charged the defendant with theft of trade secrets and economic espionage related to seven trade secret categories in a second superseding indictment.

On February 4, 2025, the government provided Ding a list of the documents that it intended to

U.S.' MOTION TO EXCLUDE EVIDENCE
3:24-CR-00141-VC

1   assert contained the trade secret information in each of the seven categories charged in the Superseding

2   Indictment.  Priedeman Decl., Ex.1, Ex. 2.  On March 19, 2025, the government provided counsel with

3   additional information regarding the trade secret theories the government intended to assert at trial.

4   Priedeman Decl., Ex. 3.  On May 15, 2025, the government provided defense with an updated letter and

5   list that removed and added several documents to its trade secret categories.  Priedeman Decl., Ex. 4, 5.

6   On August 20, 2025, the government provided counsel with an updated document list that removed one

7   trade secret document from its list.  Priedeman Decl., Ex. 6, 7.

8        On September 2, 2025, Ding filed his exhibit list and witness list.  Dkts. 132-33.  Defendant

9   included two of Google's legal counsel on their witness list.  Dkt. 132 at 2.  The defendant's exhibit list

10  included emails between the government and Google counsel.  It also included the government's March

11  19, 2025 and May 15, 2025 letters to defense counsel providing additional information regarding the

12  categories of trade secret information alleged in the Superseding Indictment.  Dkt. 133, Ex. 5001, 5002.

13                                          **ARGUMENT**

14  **I.    The Court Should Exclude Emails Between Google's Legal Counsel and the Government**

15       The Court should exclude any emails between Google's legal counsel and the government

16  summarizing other Google employees' review of the stolen documents, as these emails contain multiple

17  levels of inadmissible hearsay.

18       Ding's pretrial filings suggest that he intends to introduce evidence of "Google's own analysis of

19  what constituted its trade secrets," as well as Google's "instruct[ions] to the government on what it

20  believed constituted trade secrets."  Priedeman Decl., Ex. 8.  To that end, Ding included two Google

21  attorneys on his witness list, as well as emails between Google's legal counsel and its employees and the

22  government on its exhibit list.  The vast majority of these emails are emails from Google's legal counsel

23  to the government summarizing other Google employees' review of subsets of the information stolen by

24  Ding, or emails from the government seeking assistance categorizing the stolen information.  The Court

25  should preclude admission of this evidence.

26       The emails with Google's legal counsel and statements therein are inadmissible hearsay, and

27  contain multiple levels of inadmissible hearsay in certain instances.  *See* Fed. R. Evid. 801-02.  For

28

U.S.' MOTION TO EXCLUDE EVIDENCE
3:24-CR-00141-VC

1    example, the exhibit list includes an email from Google legal counsel stating that another Google

2    employee reviewed 25 of the documents stolen by Ding—none of which are on the government's trade

3    secret list—and was "quite sure that none of them constitute trade secrets." Priedeman Decl., Ex. 9. In

4    *United States v. Reyes*, 239 F.R.D. 591 (N.D. Cal. 2006), the district court excluded similar evidence on

5    hearsay grounds. *Id.* at 599-600. The *Reyes* defendant had requested third-party subpoenas that sought

6    interview summaries, reports, and notes from two law firms that conducted internal investigations for a

7    corporation that previously employed the defendant. *Id.* at 599-602. The district court denied these

8    requests, holding that "the second-hand reflections, findings, and conclusions of investigating attorneys

9    would not themselves become evidence at trial to prove the truth of the matters they assert." *Id.* at 600.

10    And that if the defendant wanted evidence of "what [a law firm] told the government about [certain]

11    interviews, the materials would be hearsay-upon-hearsay." *Id.* Likewise, here, the emails that

12    summarize the findings of Google's counsel reflect second-hand conclusions. And to the extent these

13    emails include or summarize another employee's statements or discussions with government counsel,

14    these documents would be hearsay-upon-hearsay.

15         Indeed, the sole purpose of these witnesses and emails appears to be a conduit to admit hearsay

16    statements from other Google employees and government counsel. *See* Fed. R. Evid. 801(c). Google's

17    legal counsel are not percipient witnesses. Nor do they have any substantive knowledge related to the

18    asserted trade secrets. Their only involvement in the case stems from their communications with the

19    government and with other Google witnesses with substantive knowledge of the underlying documents

20    and alleged trade secrets. Ding may ask trial witnesses about facts relevant to the trade secret

21    determination for the documents at issue, *e.g.*, whether the information was confidential or proprietary,

22    whether the information had economic value in the industry, and the steps taken by Google to keep the

23    information confidential. However, he cannot shoehorn inadmissible evidence in through the post hoc

24    communications of Google's legal counsel with other Google employees and government counsel.

25    **II.    The Court Should Exclude Evidence of Google Counsel's Process to Review the Stolen
         Documents**

26

27         The Court should also exclude any evidence about the process undertaken by Google's legal

28

1    counsel to spearhead the review of the documents stolen by Ding.  The process undertaken by Google's

2    legal counsel during its own post-hoc investigation of the stolen information, or while assisting the

3    government, is not relevant evidence.  *See* Fed. R. Evid. 401 (evidence is relevant if it has any tendency

4    to make a fact of consequence more or less probable than it would be without the evidence) and 402

5    (relevant evidence is admissible).  The process undertaken by Google's legal counsel to review the

6    documents stolen by Ding does not bear on whether the information stolen by Ding were indeed trade

7    secrets and whether he knew that the information was proprietary—both facts that the government must

8    prove at trial.   18 U.S.C. §§ 1832, 1839; *United States v. Nosal*, No. 08-CR-00237 MHP, 2009 WL

9    981336, at *3 (N.D. Cal. Apr. 13, 2009)("The question [] is whether [the defendant] knew the source list

10   information and data he took, copied and downloaded or otherwise came into possession of via emails

11   was proprietary . . . ."); *see United States v. Krumrei*, 258 F.3d 535, 539 (6th Cir. 2001) (holding that

12   "defendant need not have been aware of the particular security measures taken by [the trade secret

13   owner].  Regardless of his knowledge of those specific measures, defendant knew that the information

14   was proprietary.").

15       Nor is the post-hoc investigation undertaken by Google relevant to whether Google took

16   reasonable measures to protect its information.  The review conducted by Google's counsel was of

17   Ding's exfiltrated Apple Notes containing Google information, not the original source materials that

18   Ding used to create the stolen Notes.  This distinction is significant.  When Ding copied and pasted

19   Google source documents into Apple Notes files, he stripped the information of all confidentiality

20   designations, as well as cover pages and file names (and corresponding access restriction information) in

21   some instances, information that is highly relevant to his knowledge that the information was proprietary

22   and to the measures that Google took to protect its sensitive information.

23       Google's legal counsel's assessment of what stolen information it may have believed constituted

24   a trade secret also is not relevant.  "[A]n attorney's formal opinion about whether any crimes were

25   committed would not be relevant evidence—that determination is for a jury of [the defendant's] peers to

26   make." *Reyes*, 239 F.R.D. at 600.  Indeed, the issues described above, *e.g.*, whether information was a

27   trade secret, whether Google took reasonable measures to protect such information, are all factual

28

U.S.' MOTION TO EXCLUDE EVIDENCE
3:24-CR-00141-VC

4

1    questions for the jury.  *See* Ninth Circuit Model Criminal Jury Instructions 23.14 and 23.15; *see also*

2    *United States v. Xue*, 597 F.Supp.3d 759, 775 (E.D. Pa. 2022) (holding that witnesses may not testify

3    using the term "trade secret" because doing so would "usurp the District Court's pivotal role in

4    explaining the law to the jury").

5         Finally, the Court should exclude any evidence related to the process undertaken by Google's

6    counsel to review the stolen documents based on Rule 403.  As explained above, the probative value of

7    these documents is minimal.  And it is "substantially outweighed by the danger of unfair prejudice,

8    confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time [].""

9    Fed. R. Evid. 403.  If the Court permitted Ding to introduce evidence regarding the process that

10   Google's legal counsel undertook to review the stolen information, it would run the risk of a mini-trial

11   related to the investigation conducted by Google's counsel, including what documents were reviewed by

12   which individuals, and how they compared to the original source documents copied by Ding, a process

13   that is tangentially related, at best, to the charged conduct in this case.  *See United States v. Waters*, 627

14   F.3d 345, 353 (9th Cir. 2010).  Because the introduction of this type of evidence would confuse and

15   mislead the jury, the Court should exclude it under Rule 403.

**III.    The Court Should Exclude Argument or Evidence of the Government's Charging Decisions**

17        The Court should likewise preclude Ding from introducing any evidence or argument related to the

18   government's charging decisions, including any evidence related to which trade secret categories were

19   charged in this case.  Ding's exhibit list includes two letters from the government to defense counsel

20   outlining the trade secret theories the government intends to pursue at trial and referencing the list of key

21   trade secret documents.  These letters contain hearsay, and the Court should exclude them on that basis.

22   Fed. R. Evid. 801-02.  The government's charging decisions, including whether to include certain

23   documents within the charged trade secret categories, are also completely "irrelevant to the charged

24   conduct in this case, and introduction of such evidence would confuse and mislead the jury." *United*

25   *States v. Garcia,* No. 18-CR-00466-BLF, 2021 WL 4594774, at *3 (N.D. Cal. Oct. 6, 2021); *see* Fed. R.

26   Evid. 401 and 403.  Moreover, "separation of powers concerns would be raised if the Court allowed [the

27   defendant] to introduce evidence of charging decisions or make arguments about them." *Id.* (citing

28

U.S.' MOTION TO EXCLUDE EVIDENCE
3:24-CR-00141-VC

1   *United States v. Armstrong*, 517 U.S. 456, 464 (1996)).  Thus, the Court should exclude any defense

2   argument or evidence on the government's charging decisions.

3                                        **CONCLUSION**

4          For the foregoing reasons, the Court should issue a pretrial order excluding defense evidence or

5   argument related to: (i) emails from the victim's company's counsel summarizing other employees'

6   descriptions of the documents stolen by the defendant; (ii) the process undertaken by victim's counsel to

7   analyze the documents stolen by Ding; and (ii) the government's charging decisions.

8

9

10  DATED: September 9, 2025                          Respectfully submitted,

11                                                    CRAIG H. MISSAKIAN
                                                      United States Attorney
12

13                                                    *Molly K. Priedeman*

14                                                    MOLLY K. PRIEDEMAN
                                                      CASEY BOOME
15                                                    Assistant United States Attorneys

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S.' MOTION TO EXCLUDE EVIDENCE
3:24-CR-00141-VC