CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CASEY BOOME (NYBN 5101845)
MOLLY K. PRIEDEMAN (CABN 302096)
ROLAND CHANG (CABN 271511)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6627
    casey.boome@usdoj.gov
    molly.priedeman@usdoj.gov
    roland.chang@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:24-cr-00141-VC |
| Plaintiff, | **UNITED STATES' MOTION TO EXCLUDE DEFENDANT'S PROPOSED EXPERT STEVE NOVAK** |
| v. | |
| LINWEI DING, | The Honorable Vince Chhabria |
| Defendant. | Courtroom 4, 17th Floor |
| | **Trial Date:** January 12, 2026 |

U.S.' MOT. TO EXCLUDE STEVE NOVAK
3:24-cr-00141-VC

# INTRODUCTION

On January 13, 2026, after the second day of trial, the defendant provided the government with an expert witness disclosure for Steve Novak, a principal engineer at Bay2Sierra Silicon Services (the "Novak Notice").[1] The Notice is five sentences. It states that Mr. Novak's testifying opinions "will be limited to rebuttal of the opinions and subject matter" of Dr. Daniel Sanchez, the government's expert on AI/ML supercomputing infrastructure. The Notice fails to include any substantive information, including the purported opinions that Mr. Novak will offer to the jury, along with the bases and methodology for any opinions. The Notice's threadbare disclosure plainly fails to meet the requirements of Federal Rule of Criminal Procedure 16(b)(1)(C). The Notice also prevents the Court from performing its important gatekeeping function to ensure that expert testimony presented to the jury is reliable and prevents the government from adequately preparing for Mr. Novak's cross-examination. Thus, the Court should preclude Mr. Novak from testifying at trial.

# FACTUAL BACKGROUND

On August 6, 2025, the Court granted the parties' Joint Stipulation to Modify Deadlines and Set Pretrial Schedule (the "Pretrial Order"), which required expert disclosures by August 26, 2025. Dkt. 114. The Pretrial Order also required parties to file all *Daubert* motions, including responses, by September 16, 2025. *Id.*

On August 26, 2025, the government noticed Dr. Daniel Sanchez, a Professor of Electrical Engineering and Computer Science at the Massachusetts Institute of Technology (MIT) and a Principal Investigator at MIT's Computer Science and Artificial Intelligence Laboratory, as an expert witness. The notice included a seventy-five (75) plus page report from Dr. Sanchez detailing his expert opinions and expected trial testimony. That same day, defense noticed Isaac Pflaum, senior director of software litigation at Quandary Peak Research, as an expert in "reviewing software source code, and in source code architecture and design." Dkt. 146-1. The initial notice stated that Mr. Pflaum would provide expert opinions regarding the alleged trade secrets in this case related to Google's AI/ML

---

[1] Attached hereto as Exhibit A to the Declaration of Molly Priedeman ("Priedeman Decl.") in Support of the United States' Motion to Exclude Defendant's Proposed Expert Steve Novak.

supercomputing infrastructure. *See id.* On September 9, 2025, the government filed a motion to exclude Mr. Pflaum based on the unreliability of his opinions, lack of qualifications, and the notice's failure to comply with Rule 16. Dkt. 146. On September 22, 2025, defense counsel served its first supplemental notice for Mr. Pflaum's expert opinions. Dkt. 200.

At the September 23, 2025 pretrial conference, the Court "ordered defense to file supplemental expert disclosures" by October 24, "for all the disclosures to which the government objected [including Mr. Pflaum's], on the grounds that the opinion was not adequately disclosed." Dkt. 201. The Court also ordered a *Daubert* hearing for Mr. Pflaum in early December 2025. *Id.* On October 31, 2025, defense counsel served its second supplemental notice for Mr. Pflaum's expert opinions. Dkt. 217-2. On November 20, 2025, the government filed a supplemental motion to exclude Mr. Pflaum. Dkt. 229. On December 4, 2025, defense counsel served its third supplemental notice for Mr. Pflaum's expert opinions. Dkt. 252.[2]

On December 5, 2025, the Court held a *Daubert* hearing on Mr. Pflaum. Dkt. 260. On December 11, 2025, the government filed a second supplemental motion to exclude Mr. Pflaum. Dkt. 272. On December 19, 2025, at the further pretrial conference, the Court expressed concerns regarding the reliability of Mr. Pflaum's opinions and informed defense counsel that they should prepare for the possibility that Mr. Pflaum might not testify at trial. On December 23, 2025, the government filed its third supplemental motion to exclude Mr. Pflaum. Dkt. 280.

On January 6, 2026, the evening before jury selection, defense counsel disclosed to the government for the first time that it was "in the process of retaining" a new expert, Steve Novak, to testify in response to Dr. Daniel Sanchez. Priedeman Decl. Ex. B. The morning of jury selection, on January 7, 2025, defense counsel sent Mr. Novak's curriculum vitae (CV) to the government. *See id.* On January 13, 2026, after the second trial day, defense counsel served its initial expert witness disclosure for Mr. Novak, which reattaches his CV. *See* Novak Notice. The Notice states that Mr. Novak is a principal engineer at Bay2Sierra Silicon Services and that he may testify "in response to the anticipated trial testimony and opinions of Dr. [Daniel] Sanchez." *Id.* His "testimony will be limited to

---

[2] According to defense counsel, the only change was a new paragraph 196.

rebuttal of Dr. Sanchez's opinions and subject matter." *Id.* The Notice does not specify, summarize, or describe his purported opinions. *See id.* There is no other substance, including any purported "reasons and bases" for Mr. Novak's opinions. *See id.* Nor does the Notice include any description of any methodology that Mr. Novak will apply. *See id.*

## ARGUMENT

**I.    The Novak Notice Fails to Comply with Federal Rule of Criminal Procedure 16**

The Novak Notice completely fails to comply with Federal Rule of Criminal Procedure 16. In December 2022, Rule 16 was amended to require the defendant to disclose "a complete statement of all opinions that the defendant will elicit from [an expert witness] in the defendant's case-in-chief," and the "bases and reasons for them" along with the witness's qualifications. Fed. R. Crim. P. 16(b)(1)(C)(iii). This was a significant enhancement to Rule 16's expert disclosure notice. As the 2022 Amendment Advisory Committee Notes state, the update deletes the phrase "written summary" and requires disclosure of "a complete statement of all opinions the expert will provide." *Id.*, Advisory Committee Notes (2022 Amendments). The Advisory Committee Notes make clear that the amendment was designed to address two shortcomings with the prior expert witness disclosure requirements: "the lack of adequate specificity regarding what information must be disclosed, and the lack of an enforceable deadline for disclosure." *Id.* The amendment was designed to "facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." *Id.* If a party fails to comply with Rule 16, the district court may, *inter alia*, "prohibit that party from introducing the undisclosed evidence; or enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2)(C)-(D).

The bare-bones Novak Notice, disclosed after trial began, fails to meet any of the Rule 16 requirements. The Notice states that Mr. Novick might be a rebuttal expert "to testify, if necessary, in response to the anticipated trial testimony and opinions of Dr. Sanchez." Novack Notice at 1. And that his testimony "will be limited to rebuttal of Dr. Sanchez's opinions and subject matter." *Id.* Notably, the Notice does not even attempt to specifically address any of the opinions offered by Dr. Sanchez in his August 26, 2025 report. There is no statement of opinions, much less a "complete statement" of Mr.

Novak's opinions. Nor are there any bases and reasons for any opinions. Without this information, the Court and the government cannot evaluate the reliability of Mr. Novak's opinions, his methodology, or his qualifications to provide expert opinions on AI/ML technology.

The procedural history in this case is instructive on this last point. The Court ordered pretrial disclosure of experts by August 26, 2025. Dkt. 114. Since September 2025, defense counsel has been aware that the government intended to challenge the reliability of Mr. Pflaum's opinions. *See supra* at 1-2. Defense counsel supplemented Mr. Pflaum's expert witness notice not once, but three times, on September 22, 2025, October 31, 2025, and December 4, 2025. *Id.* The Court then ordered a *Daubert* hearing on Mr. Pflaum, and both parties engaged in extensive briefing related to Mr. Pflaum's opinions and their reliability (or lack thereof). *Id.* In other words, defense counsel has been on notice for months regarding concerns about the reliability of Mr. Pflaum's opinions. Yet, it waited until trial commenced to disclose a new technical expert. And, the Notice, as explained herein, does not include any of the required information under Rule 16. Thus, the Court should preclude Mr. Novak from testifying at trial. *See, e.g.*, *United States v. Nash*, 115 F.3d 1431, 1439-40 (9th Cir. 1997) (excluding accounting expert was proper due to defendant's failure to disclose expert in violation of discovery order); *United States v. Sanchez-Rosales*, 216 F.3d 1085 (9th Cir. 2000) (unpublished) (upholding exclusion of proposed defense expert for failure to comply with Rule 16); *United States v. Thai*, 141 F.3d 1182 (9th Cir. 1998) (unpublished) (exclusion of PRC expert disclosed five days before trial for violating Rule 16 was proper); *United States v. McCoy*, No. 23-CR-00085- DKW-KJM, 2025 WL 461754, at *1 (D. Haw. Feb. 11, 2025) (excluding defendant's proposed expert testimony and denying motion to extend Rule 16 disclosure deadline where defendant notice failed to comply with Rule 16(b)).

**II.     The Court Should Exclude Novick's Noticed Opinion Because It is Not Reliable**

Moreover, because the Novak Notice fails to state any substantive opinions, much less any bases, reasons, or methodology for any purported opinions, the Court should exclude Mr. Novak's testimony as unreliable. "Rule 702 requires a proponent of expert testimony to demonstrate each of the requirements of Rule 702 by a preponderance of the evidence." *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1050 (9th Cir. 2025), *aff'g*, *In re Roundup Prods. Liab. Litig.*, No. 16-MD-02741-VC, 2023 WL 7928751, at *1

(N.D. Cal. Nov. 15, 2023).  "The burden of laying a proper foundation showing the underlying scientific basis and reliability of expert testimony is on the proponent of such evidence." *United States v. Falsia*, 724 F.2d 1339, 1341 (9th Cir. 1983) (holding that district court did not abuse its discretion by excluding polygraph evidence where defendant failed to establish its reliability and credibility).  Simply put, there is nothing in the Novak Notice that indicates his opinions will be "the product of reliable principles and methods" or "the result of applying those principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

An expert's qualifications, standing alone, are insufficient to show reliability.  *United States v. Hermanek*, 289 F.3d 1076, 1093-94 (affirming district court's gatekeeping role for expert testimony and stating it was improper for trial court to permit expert testimony based on the witness' qualifications without requiring the party offering the testimony to explain the method the witness used to arrive at his conclusions); *see also Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (holding that expert testimony was inadmissible based on its unreliable methodology notwithstanding "the impressive qualifications of plaintiffs' experts").  Here, the deficient Novak Notice leaves the Court unable to perform its gatekeeping function to determine whether Mr. Novak's proposed testimony is reliable.  As explained in prior briefing, the Court's gatekeeping function is especially important in this case because of the highly technical nature of the asserted trade secrets. *See, e.g.*, Dkt. 229 at 3-4.  The defendant's insufficient disclosure, after trial started, also significantly prejudices the government as it cannot challenge the accuracy of Mr. Novak's purported opinions, much less prepare for his cross-examination.[3]

**CONCLUSION**

For the foregoing reasons, the Court should exclude the proposed expert testimony of Steve

//

//

//

---

[3] The government incorporates by reference the constitutional arguments on Rule 702 stated in its third supplemental motion to exclude the testimony of Isaac Pflaum. *See generally* Dkt. 280.

U.S.' MOT. TO EXCLUDE STEVE NOVAK
3:24-cr-00141-VC                                    5

1  Novak in its entirety.

2

3  DATED:  January 19, 2025                    Respectfully submitted,

4                                              CRAIG H. MISSAKIAN
                                               United States Attorney
5

6                                              */s/ Molly Priedeman*
                                               CASEY BOOME
7                                              MOLLY K. PRIEDEMAN
                                               ROLAND CHANG
8                                              Assistant United States Attorneys