UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>          Plaintiff,<br><br>   v.<br><br>LINWEI DING,<br><br>        Defendant. | Case No.  24-cr-00141-VC-1<br><br>**FINAL JURY INSTRUCTIONS** |

Dated: January 28, 2026

_____

VINCE CHHABRIA
United States District Judge

# TABLE OF CONTENTS

1. Duties of Jury to Find Facts and Follow Law .................................................................. 1
2. Presumption of Innocence—Burden of Proof—Reasonable Doubt ............................. 2
3. Defendant's Decision Not to Testify ................................................................................ 3
4. What Is Evidence ............................................................................................................. 4
5. What is Not Evidence ...................................................................................................... 5
6. Direct and Circumstantial Evidence .............................................................................. 6
7. Credibility of Witnesses .................................................................................................. 7
8. Statements by Defendant ................................................................................................ 8
9. Opinion Evidence ............................................................................................................. 9
10. Charts and Summaries .................................................................................................. 10
11. Mandarin Translations ................................................................................................. 11
12. Categories of Alleged Trade Secrets ........................................................................... 12
13. Trade Secret—Defined ................................................................................................. 14
14. Labeling Information a Trade Secret ........................................................................... 15
15. Theft of Trade Secrets—Elements .............................................................................. 16
16. Economic Espionage ..................................................................................................... 17
17. Duty to Deliberate ......................................................................................................... 18
18. Consideration of Evidence—Conduct of the Jury ...................................................... 19
19. Jury Consideration of Punishment .............................................................................. 20
20. Use of Notes ................................................................................................................... 21
21. Communication with Court .......................................................................................... 22
22. Verdict Form .................................................................................................................. 23

1. **Duties of Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence, I will instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

### 2.   Presumption of Innocence—Burden of Proof—Reasonable Doubt

The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**3.  Defendant's Decision Not to Testify**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**4.  What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness;

(2)      the exhibits received in evidence; and

(3)      any facts to which the parties have agreed.

### 5.  What is Not Evidence

The following things are not evidence, and you may not consider them in deciding what the facts are:

(1) Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

(3) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### 6. Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

7.   **Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying (although please remember that people may have different reactions to the pressure of testifying in court);

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else they said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**8.  Statements by Defendant**

You have heard testimony that the defendant made out-of-court statements. It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to them. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

### 9. Opinion Evidence

You have heard testimony from Andrew Crain, Adam Segal, Daniel Sanchez, James Pooley, and Steve Novak, who testified about their opinions and the reasons for those opinions. This opinion testimony was allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' knowledge, skill, experience, training, or education, the reasons given for the opinions, and all the other evidence in the case.

**10. Charts and Summaries**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case but were not admitted into evidence. These charts and summaries will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Other charts and summaries were admitted into evidence. Even though they were admitted, they are only as good as the underlying supporting material. You should, therefore, only give them as much weight as you think the underlying material deserves.

**11. Mandarin Translations**

Documents and recordings that are written or spoken in Mandarin Chinese have been admitted into evidence.  English-language translations of this evidence have also been admitted into evidence.

Although some of you may know the Chinese language, including the Mandarin or Cantonese dialects, it is important that all jurors consider the same evidence.  The English-language translations are the evidence, not the foreign language written or spoken in the admitted evidence.  Therefore, you must accept the English translations of the evidence and disregard any different meaning of non-English words.

**12. Categories of Alleged Trade Secrets**

The government has charged the defendant with seven counts of theft of trade secrets (Counts 1–7) and seven counts of economic espionage (Counts 8–14). The seven theft of trade secret counts correspond to seven categories of alleged trade secrets. The seven economic espionage counts correspond to the same seven categories of alleged trade secrets. The government alleges that the seven categories are as follows:

**Category 1 (Counts 1 and 8)**: Instruction sets, protocols, internal specifications, and implementation level details related to the four primary components of Google's custom designed TPU chip: (1) TensorCore; (2) BarnaCore/SparseCore; (3) high bandwidth memory (HBM) access interface; and (4) inter-chip interconnect (ICI).

**Category 2 (Counts 2 and 9)**: Documents including details of the design, performance, and operation of Google's custom designed TPU chips, TPU machines, and TPU systems.

**Category 3 (Counts 3 and 10)**: Design documents for Google's TPU software that manage the hardware and resources within a TPU, facilitate communication between TPUs, and allocate and manage collections of interconnected TPUs to different workloads.

**Category 4 (Counts 4 and 11)**: Documents including details of the design, performance, and operation of Google's custom GPU machines and GPU systems.

**Category 5 (Counts 5 and 12)**: Design documents for Google's GPU software that facilitates communication between GPUs and allocates and manages collections of interconnected GPUs to different workloads.

**Category 6 (Counts 6 and 13)**: Design specifications to implement Google's proprietary chip component designed to deliver low-latency and high-bandwidth transfers of data over large-scale networks on Google's SmartNIC.

**Category 7 (Counts 7 and 14)**: Design documents for Google's software to implement its high performance and cloud networking on its SmartNIC.

The government alleges that each of the 105 individual documents listed in Exhibit 775 is a trade secret. The government also alleges that the documents in each category combine to make a separate trade secret.

12

To find the defendant guilty of any count, you must find that the category associated with that count contained at least one trade secret, and you must agree unanimously on which particular document in that category constitutes a trade secret (or you must agree unanimously that the entire set of documents in that category constitutes a trade secret). However, you do not have to find that all of the documents in the particular category are trade secrets.

A separate crime is charged against the defendant in each count, and you must decide each count separately. However, if you determine that an alleged trade secret category does not contain a trade secret, you must find the defendant not guilty of both the theft of trade secrets count and economic espionage count corresponding to that trade secret category.

### 13. Trade Secret—Defined

The term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, formulas, designs, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, photographically, or in writing, if:

**First**, the information is not generally known to or readily ascertainable through proper means by another person who can obtain economic value from it; and

**Second**, the owner of the information has taken reasonable measures to keep such information secret; and

**Third**, the information derives independent economic value, actual or potential, from being secret.

For purposes of the first and third elements, it does not matter whether the economic value is large or small. For purposes of the third element, the question is whether the information had independent economic value at the time of the alleged theft.

A document can be a trade secret even if it contains a combination of public and private information. In addition, a group of individual trade secret documents can combine to make a separate trade secret, if the value of the combination is greater than the sum of its parts, and if the combination itself meets the definition of a trade secret as set forth above.

Information acquired by an employee in the course of their employment may potentially be trade secrets, but only if the information meets the definition of a trade secret as set forth above. It is not a crime for an employee to independently develop technology through proper means or to leave an employer and use non-trade secret information and skills gained through that employment. In addition, the personal skills, talents, or abilities that an employee develops at their place of employment are not trade secrets.

Confidential disclosure to a business partner does not necessarily prevent a document from being a trade secret.

**14. Labeling Information a Trade Secret**

As members of the jury, it is your responsibility to determine whether something constitutes a trade secret under the test I have just given you. Just because a witness referred to certain information or documents as trade secrets does not mean that they are necessarily trade secrets. Similarly, just because a document refers to information as a trade secret, confidential, or proprietary, does not necessarily make that information a trade secret if it does not otherwise meet the three elements of the trade secret test. Conversely, the absence of a marking or label does not preclude the information from being a trade secret, so long as the owner took other reasonable measures to protect the information. You may consider the fact that markings and labels exist or do not exist on a document in considering whether something is a trade secret.

### 15. Theft of Trade Secrets—Elements

For the defendant to be found guilty of any count of theft of trade secrets, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the category of information at issue in the particular count contained one or more trade secrets (with each of you agreeing on which specific document or documents meet the definition); and

**Second**, the defendant knew that the document or documents included confidential information that he had no right to take; and

**Third**, the defendant intended to take the trade secret information for the economic benefit of anyone other than Google; and

**Fourth**, the trade secret information is related to a product used in interstate or foreign commerce; and

**Fifth**, the defendant intended or knew that the offense would injure Google; and

**Sixth**, the defendant knowingly: (a) took the trade secret information without authorization; or (b) without authorization copied, downloaded, uploaded, or transmitted the trade secret information.

**16. Economic Espionage**

For the defendant to be found guilty of any count of economic espionage, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the category of information at issue in the particular count contained one or more trade secrets (with each of you agreeing on which specific document or documents meet the definition); and

**Second**, the defendant knew that the document or documents included confidential information that he had no right to take; and

**Third**, the defendant knowingly: (a) took the trade secret information without authorization; or (b) without authorization copied, downloaded, uploaded, or transmitted the trade secret information; and

**Fourth**, the defendant intended or knew that his actions would benefit a foreign government or foreign instrumentality.

The term "foreign instrumentality" means any agency, bureau, ministry, component, institution, association, or any legal, commercial, or business organization, corporation, firm, or entity that is substantially owned, controlled, sponsored, commanded, managed, or dominated by a foreign government.

For the fourth element, it is not enough for the government to prove that the defendant intended to benefit himself or Zhisuan. Nor is it enough for the government to prove that the defendant intended or knew that his conduct would benefit the country of China or its economy in a way that might generally flow from engaging in economic activity there. Rather, to obtain a conviction for economic espionage, the government must prove beyond a reasonable doubt that the defendant either: (1) intended his actions to confer a benefit on a Chinese government instrumentality; or (2) knew that his actions would confer a benefit on a Chinese government instrumentality.

A finding that the defendant intended to benefit himself or Zhisuan does not automatically preclude a finding that he also intended to benefit a Chinese government instrumentality.

"Benefit" means any type of benefit, including economic, strategic, or tactical benefit.

**17. Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous as to each count.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### 18. Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.

Except for discussing the case with your fellow jurors during your deliberations, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not investigate or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and that could result in a mistrial, which would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**19. Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**20. Use of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Also, although you won't have a trial transcript in the jury room, if you decide during your deliberations that it's important to hear certain testimony again, you can request that testimony be read back to the jury. We would bring you all back into the courtroom and the court reporter would read it aloud. Keep in mind that I may order that a larger portion of the testimony be read, to ensure that you are reminded of the full context.

**21. Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you. No member of the jury should attempt to communicate with me during deliberations except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me or the courtroom deputy—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until you have either reached a unanimous verdict or have been discharged.

**22. Verdict Form**

A verdict form has been prepared for you. If you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom. Do not tell the courtroom deputy what your verdict is and do not give her the verdict form.