<strong>关于上海至算科技有限公司之投资协议</strong>

本《关于上海至算科技有限公司之投资协议》("**本协议**")由以下各方于 2023 年 11 月 20 日("**签署日**")签署：

1. 上海至算科技有限公司，一家根据中国法律合法设立并有效存续的有限责任公司，其注册地址为上海市徐汇区田林路487号27号楼1层44工位，法定代表人为丁林葳("**公司**")；

2. 丁林葳，一位具有中国国籍的自然人，其身份证号码为210202198609264233("**创始人**")；

3. 上海创与信企业管理咨询合伙企业（有限合伙），一家根据中国法律合法设立并有效存续的有限合伙企业，其注册地址为上海市徐汇区田林路487号楼1层60工位("**员工持股平台**")；

4. 上海信与智企业管理咨询合伙企业（有限合伙），一家根据中国法律合法设立并有效存续的有限合伙企业，其注册地址为上海市徐汇区田林路487号27号楼1层54工位("**高管持股平台**"，与员工持股平台、丁林葳单独或合称"**创始股东**")以及

5. 北京奇绩创坛二期创业投资中心（有限合伙），一家根据中国法律合法设立并有效存续的有限合伙企业，其注册地址为北京市海淀区成府路150号（清华园三才堂7号）六层627号("**奇绩创坛**"或"**本轮投资方**")。

上述任何一方单独称为"**一方**"，合称为"**各方**"。本协议中"**法律**"是指所适用的届时有效的所有法律、行政法规、规章、规定、政策性文件、地方政府或地方政府部门的规定、决定、政策性文件等。

鉴于：

A. 公司创始人丁林葳与奇绩创坛（北京）投资管理有限责任公司("**奇绩创坛管理公司**")签署了《创业营入营承诺书》("**《入营承诺书》**")。为申请加入奇绩创坛 2023 年秋季创业营("**创业营**")，创始人共同设立了公司，且创始人拟将公司作为后续主营业务（见《入营承诺书》中定义）的运营主体，整体加入创业营。

B. 截至本协议签署日，公司的股权结构如下表所示：

| 股东 | 认缴出资额<br>（人民币/万元） | 出资比例 |
|---|---|---|
| 丁林葳 | 10 | 100% |
| **合计** | **10** | **100%** |

C. 各方希望本轮投资方根据本协议的约定对公司进行增资。

1

为此，协议各方本着平等互利的原则，就本轮投资事宜达成以下协议。

**1.    本轮投资**

1.1.    平台增资

各方同意，员工持股平台和高管持股平台拟分别对公司增资人民币 2.7273 万元以及人民币 5.4545 万元（"**平台增资**"），平台增资完成后，公司的股权结构将如下表所示：

| 股东 | 认缴出资额（人民币/万元） | 出资比例 |
|---|---|---|
| 丁林葳 | 10 | 55% |
| 上海创与信企业管理咨询合伙企业（有限合伙） | 2.7273 | 15% |
| 上海信与智企业管理咨询合伙企业（有限合伙） | 5.4545 | 30% |
| 合计 | 18.1818 | 100% |

1.2.    本轮投资安排

各方同意并认可，紧接平台增资完成后，本轮投资方将按照本协议的约定以人民币 502.6 万元（"**投资款**"）合计溢价认购公司人民币 1.3685 万元的新增注册资本，合计对应本轮投资后 7%的公司股权（"**标的股权**"）。投资款中的人民币 1.3685 万元作为公司新增注册资本，剩余部分进入公司的资本公积金（"**本轮投资**"）。

1.3.    本轮投资后的股权结构

平台增资和本轮投资完成后，公司注册资本应为人民币 19.5503 万元，公司的股权结构如下所示：

| 股东 | 认缴出资额（人民币/万元） | 出资比例 |
|---|---|---|
| 丁林葳 | 10 | 51.15% |
| 上海创与信企业管理咨询合伙企业（有限合伙） | 2.7273 | 13.95% |
| 上海信与智企业管理咨询合伙企业（有限合伙） | 5.4545 | 27.90% |
| 北京奇绩创坛二期创业投资中心（有限合伙） | 1.3685 | 7% |
| 合计 | 19.5503 | 100.00% |

US-0095298

Trial Exhibit 1001S Page-002

1.4. 投资款的用途

公司应将投资款全部用于经营和发展公司主营业务。

1.5. 文件签署及变更登记流程

各方应当于交割日之前签署与本轮投资相关的法律文件，包括但不限于批准公司签署本协议和进行平台增资和本轮投资的股东会决议、董事会决议/执行董事决定及其他相关文件（包括附件一所示的付款通知书和本协议第 3.2 条要求的文件），现有股东确认就平台增资和本轮投资放弃优先认购权。公司应当在交割日后 30 个工作日内完成平台增资以及本轮投资所需要的市场监督管理部门变更登记及备案等手续，使得公司在市场监督管理部门登记的股权结构如本协议第 1.3 条所示。

**2.  投资款支付**

2.1. 受限于本协议第 1.5 条的约定，奇绩创坛应当于本协议签署后 15 个工作日内（"**交割日**"）将其投资款一次性支付至附件一所示的付款通知书中指定的公司人民币银行账户。

2.2. 自交割日起，本轮投资方成为公司股东，享有股东权利，承担股东义务。

**3.  保证方承诺**

3.1. 公司和创始股东（合称"**保证方**"）向本轮投资方承诺：(i)公司的股权上不存在代持、质押、可转债、收益权转让或其它权益负担，不存在抽逃注册资本或虚假出资；(ii)公司自设立以来，在重大方面遵守了所有适用的法律，不存在违法违规行为，不存在被政府机构予以处罚的情况，不存在针对其资产权属或权利的任何争议或纠纷；(iii)除保证方于本协议签署时已经向本轮投资方适当披露的情形外，创始人和公司其他核心人员不在其他任何主体中享有股权或权益或担任职务；(iv)创始人和其他核心人员（定义见下文）在接受公司的聘用时，不违反其与前雇主之间的承诺，也不会构成对其前雇主或其他第三方的合法权利（包括知识产权）的侵犯；(v)保证方向本轮投资方提供的所有文件、资料和信息均真实、准确、无遗漏、无误导。保证方向本轮投资方承诺其具有充分的权力和授权签署本协议，本协议的签署不会违反或抵触其他相关法律文件或协议。

3.2. 创始人承诺，其和公司其他核心人员自本协议签署之日起至少在公司服务四（4）年，并应当最迟不迟于交割日与公司签署全职劳动合同（其中应当包含保密、知识产权归属和竞业禁止条款），并承诺除已向本轮投资方适当披露的情形外，其和公司其他核心人员不从事兼职或任何与公司主营业务存在同业竞争的行为。为本协议之目的，"**核心人员**"指如未能按照本协议以及公司与之签署的劳动相关合同为公司提供服务，将合理预期会对公司业务造成实质性影响的人员，如附件二所列。

3

3.3. 创始股东承诺在本轮投资方完全退出公司或公司实现上市（以二者孰早为准）之前，除非经本轮投资方事先同意，创始股东不得直接或间接转让或处置其所持有的任何公司股权。

3.4. 公司应当在生产经营活动及其他一切重大方面（包括但不限于财务、税务、劳动人事、社会保险和住房公积金缴纳、业务、资产）遵守法律的有关规定，以正常方式经营运作，不会进行任何异常交易或产生异常债务，维持继续合法经营，获取、保持其经营所需要的所有政府批文和其它准许及同意。

4. **特别权利**

   本轮投资方享有如下特别权利：

4.1. 优先认购权

   保证方同意，在本轮投资方持有公司股权的情况下，公司增加注册资本或发行新股或可转换或可置换成公司股权的其他证券要约时，本轮投资方有权（但无义务）以同等条件、按其届时在公司持有的股权比例优先认购公司新增注册资本或其他权益证券。

4.2. 信息权和检查权

   公司应定期提供财务报表及本轮投资方可能合理要求的其他信息，并及时通知本轮投资方公司发生的任何重大变化，特别地，公司应向本轮投资方提供的财务报表应包括：（1）每季度结束后 30 日内，按中国会计准则准备的未经审计的季度财务报表；（2）每年度结束后 30 日内，按中国会计准则准备的未经审计的年度财务报表；（3）每年结束后 90 日内，按中国会计准则准备的并经审计机构审计后的公司年度财务报表和审计报告。此外，本轮投资方有权对公司的财务账簿和其它经营记录进行查看核对，并在合理必要时且在提前书面通知公司的前提下，就公司经营访问其顾问、雇员、独立会计师及律师。

4.3. 最优惠条款

   如果公司或创始人提供给其它现有股东或同一融资轮次其他股东的任何权利或特权在任何方面优于本轮投资方，该等更优惠的条款和条件将会自动适用于本轮投资方。本轮投资之前，如公司没有任何外部投资人或没有股东享有任何优先权利，则本轮投资方应享有公司在下一轮向机构投资人进行的融资时，公司给予下一轮融资机构投资人的相同优先权利或优惠条件（董事委派权、重大事项否决权以及下一轮融资以比本轮投资更高的估值投资于公司的机构投资人就经济性优先权利的更优先分配顺位除外）。

4.4. 公司重组

若公司及其直接或间接控制的企业基于境外融资、境外上市等理由，进行资本结构重组的，上述重组方案应经股东会适当程序批准后方可执行。本轮投资方有权参与重组并有权要求在公司的境外关联方或者其他融资主体层面持有与前述重组之前相同或相似的标的股权/权益。

4.5. 本轮投资方股权处置

4.5.1 若本轮投资方拟向除本轮投资方关联方以外的任何第三方（"**受让方**"）出售其持有的全部或部分公司股权，创始人有权按本轮投资方计划出售的同等条款和条件自行或指定第三方优先购买本轮投资方拟向受让方出售或以其他方式处置的全部（且不少于全部）股权（"**创始人优先购买权**"）。

本轮投资方应以书面形式将如下信息通知创始人（"**转让通知**"）：(a) 其转让意向；(b) 其有意转让的股权的数额；(c) 转让的条款和条件，以及 (d) 受让方的基本情况。创始人应在收到转让通知后十（10）个工作日（"**回复期限**"）内书面通知本轮投资方其是否行使创始人优先购买权。如创始人在回复期限内书面通知本轮投资方其拟行使创始人优先购买权，创始人或其指定的第三方应购买本轮投资方拟出售的全部（且不少于全部）的公司股权，并应在发出书面通知后的十五（15）个工作日或本轮投资方届时另行同意的更长期限（"**购买期限**"）内与本轮投资方签署股权转让协议并向本轮投资方支付完毕全部股权转让对价。如果创始人未在回复期限内通知本轮投资方其将行使创始人优先购买权或未在购买期限内与本轮投资方签署股权转让协议并支付完毕全部股权转让价款的，应视为创始人已经放弃行使创始人优先购买权，则本轮投资方有权向受让方转让其持有的公司股权。

4.5.2 未经创始人同意，本轮投资方不得将其持有的公司股权转让给如本协议附件三所示的与公司主营业务存在直接竞争关系的第三方。

4.5.3 受限于本协议第 4.5.1 条和第 4.5.2 条的约定，保证方同意，本轮投资方转让或处置其所持有的全部或部分公司的股权，保证方应、并应确保公司其他股东放弃优先购买权及其他相关权利并配合本轮投资方签署相关法律文件并配合完成相关市场监督管理部门变更登记及备案等手续。

4.5.4 保证方承诺，若公司现有股东享有或公司在后续融资（包括股权融资及债权融资）中给予任何新投资人在股权处置方面比本轮投资方更优先的权利、更宽松的转让限制或其他更优惠条款（"**转股限制优惠条款**"），则本轮投资方有权自动享受该等转股限制优惠条款。

4.5.5 若在交割日后，因公司后续融资的自然稀释导致发生或可能发生导致创始人丧失公司实际控制人地位的情形，本轮投资方承诺届时将与创始人善意协商一致采取必要措施，包括但不限于设置特殊表决权机制，使得创始人维持对公司的实际控制权。

4.6. 新投资标的

创始人在交割日前经本轮投资方事先书面同意，可以另行启动新公司或项目（"**新投资标的**"）。本轮投资方或其指定的关联方有权按照本协议的约定对该新投资标的进行投资，并享有新投资标的中的对应权益，即在新投资标的享有的股权比例及股东权益与本轮投资人根据本协议约定完成交割后有权在公司享有的一致。

5. 违约责任

如本协议任一方违反本协议的任何约定（包括陈述和保证），且造成其他方任何损失，该违约方应当就其违约行为对其他方造成的损失及为追偿支付该等损失而支付的合理开支及全部律师费进行赔偿。虽有上述约定，除非创始人存在欺诈或故意违约行为，其在本协议项下的赔偿责任以其届时直接和间接持有的公司股权的公允市场价值为限。

6. 法律适用和争议解决

6.1. 本协议的订立、效力、解释、履行和争议的解决应受中国法律的管辖，并依其解释。

6.2. 凡因执行本协议所发生的或与本协议有关的一切争议，各方应通过友好协商解决。若任何争议无法在争议发生后 30 日内通过协商解决，任何一方有权将该争议提交至北京仲裁委员会，按照该委员会届时有效的仲裁规则在北京进行仲裁。仲裁裁决是终局性的，对各方均有约束力。

6.3. 争议解决期间，各方继续拥有各自在本协议项下的其它权利并应继续履行其在本协议下的相应义务。

7. 保密

每一方应对有关公司、其业务或属于其他各方的、或由其他各方在任何时候或为了本协议的洽谈或为了成立或经营公司而对其披露的任何专有的或秘密或保密性的数据和资料以及本协议相关内容（"**保密信息**"）保守秘密，并且不得向本协议各方或其关联方、专业顾问和有关政府部门以外的任何第三方或人士披露。

8. 附则

8.1. 本协议经协议各方签字或盖章后生效。经本协议各方协商一致，可以对本协议进行修改或变更；任何修改或变更必须制成书面文件，经本协议各方签署后生效。本协议可在下列情形下解除：(i)各方协商一致，通过书面形式同意解除协议；(ii)任何一方严重违反其在本协议项下的陈述、保证或承诺，其他方可经书面通知该违约方后解除本协议。

8.2. 本协议对各方当事人的继承人和受让人有效，上述继承人和受让人可享有本协议

6

项下的权益。除非本协议另有约定或各方一致同意，任何一方不得将其在本协议项下的权利或义务转让于第三方，尽管有前述限制，为便于本轮投资方关联基金之间的转让，本轮投资方有权将本协议及其持有的公司部分或全部权利或义务转让给本轮投资方所管理或与本轮投资方受同一管理人管理的或实际控制人控制的基金或投资实体（"**关联实体**"），关联实体可以直接行使本协议项下的权利，包括但不限于由关联实体完成本轮投资，各方在此确认并应当予以配合。

8.3. 《入营承诺书》和本协议共同构成各方有关本协议拟议事项所达成的全部理解，并取代各方或其任何负责人、雇员或代表先前以书面或口头形式就相同事项所达成的所有意向书、协议、承诺、安排、沟通、声明及/或保证等。如《入营承诺书》或公司章程与本协议有任何冲突或不一致，以本协议的约定为准。

8.4. 各方自行承担因本协议的签署和履行而发生的费用。

8.5. 除非本协议另有规定，一方未行使或迟延行使本协议项下的权利、权力或特权并不构成放弃这些权利、权力和特权，而单一或部分行使这些权利、权力和特权并不排斥行使任何其他权利、权力和特权。

8.6. 本协议一式多份，各方各执一份，每份具有同等法律效力。

[以下无正文]

[本页无正文,为《关于上海至算科技有限公司之投资协议》签署页]

公司

上海至算科技有限公司(公章)

法定代表人(签字):_____

签署页

[本页无正文，为《关于上海至算科技有限公司之投资协议》签署页]

创始人

丁林葳（签字）：_____

签署页

US-0095305

Trial Exhibit 1001S Page-009

[本页无正文，为《关于上海至算科技有限公司之投资协议》签署页]

上海创与信企业管理咨询合伙企业（有限合伙）（公章） 

执行事务合伙人（签字）：＿＿＿＿＿＿＿＿＿＿

签署页

[本页无正文，为《关于上海至算科技有限公司之投资协议》签署页]

上海信与智企业管理咨询合伙企业（有限合伙）（公章）

执行事务合伙人（签字）：_____

签署页

签署页

[本页无正文，为《关于上海至算科技有限公司之投资协议》签署页]

**本轮投资方**

北京奇绩创坛二期创业投资中心（有限合伙）（公章）

执行事务合伙人委派代表（签字）： _____陆奇_____ 

签署页

附件一

付款通知书

2023 年＿＿月＿＿日

致：北京奇绩创坛二期创业投资中心（有限合伙）（"贵司"）

根据贵司与上海至算科技有限公司（"公司"）以及其他相关方于 2023 年 11 月 20 日签署的《关于上海至算科技有限公司之投资协议》，请贵司在收到本付款通知后，将投资款人民币 502.6 万元汇至公司的如下账户：

账户名：上海至算科技有限公司

开户行：招商银行股份有限公司上海田林支行

账号：121951811510004

上海至算科技有限公司（盖章）

签字：＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

姓名：丁林葳

职务：法定代表人

附件二 核心人员清单

| 姓名 | 职位 | 兼职情况说明 |
| --- | --- | --- |
| 丁林葳 | CEO | 无 |
| 郭莎莎 | 市场负责人 | 无 |
| 李路茜 | 综合部负责人 | 无 |

附件三 公司竞争对手清单

| 序号 | 公司名称 |
|---|---|
| 1 | 华为技术有限公司 |
| 2 | 阿里云计算有限公司 |
| 3 | 腾讯云计算（北京）有限责任公司 |
| 4 | 京东云计算有限公司 |
| 5 | 曙光信息产业股份有限公司 |
| 6 | 科大讯飞股份有限公司 |
| 7 | 新华三技术有限公司 |
| 8 | 中国电子科技集团有限公司 |
| 9 | 中国电信股份有限公司 |
| 10 | 中国移动通信集团有限公司 |
| 11 | 百度在线网络技术(北京)有限公司 |