CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

CASEY BOOME (NYBN 5101845)
MOLLY K. PRIEDEMAN (CABN 302096)
ROLAND CHANG (CABN 271511)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6627
    casey.boome@usdoj.gov
    molly.priedeman@usdoj.gov
    roland.chang@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LINWEI DING,<br><br>    Defendant. | No. 3:24-cr-00141-VC<br><br>**UNITED STATES' APPLICATION AND [PROPOSED] ORDER PERMITTING DISCLOSURE OF GRAND JURY TRANSCRIPT**<br><br>The Honorable Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>**Hearing Date:** June 16, 2026<br>**Hearing Time:** 2:00 pm |

APPL. AND [PROPOSED] ORDER TO DISCLOSE
GRAND JURY TRANSCRIPT
3:24-cr-00141-VC

In connection with post-trial motions in the above-captioned matter, the United States respectfully requests an Order under Federal Rule of Criminal Procedure 6(e)(3)(E)(i) authorizing the government to publicly disclose the grand jury testimony related to the Second Superseding Indictment ("SSI") in this case, which the government has previously produced to defense counsel pursuant to a court order.

The secrecy provisions of Federal Rule of Criminal Procedure 6(e) provide in part that: "The Court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter . . . (i) preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E). The Court's power to order disclosure is discretionary and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice. *In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464, 470 (E.D. Pa. 1971); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). In *U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18 (9th Cir. 1965), the Ninth Circuit identified five policy considerations underlying the need for grand jury secrecy:

> (1) [T]o prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at [t]he trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 22 (quotation marks omitted). The Ninth Circuit further observed that disclosure is favored when the traditional policies underlying grand jury secrecy are no longer served. *Id.* at 21. And it held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." *Id.* at 21.

In this case, the policy considerations requiring secrecy apply with diminished force. On March

APPL. AND [PROPOSED] ORDER TO DISCLOSE
GRAND JURY TRANSCRIPT
3:24-cr-00141-VC                                      1

5, 2024, a federal grand jury issued an Indictment charging the defendant with four counts of theft of trade secrets.  Dkt. 1.  On February 4, 2025, the grand jury issued a Superseding Indictment that charged seven counts of theft of trade secrets and seven counts of economic espionage.  Dkt. 44.  On September 9, 2025, the grand jury returned the SSI, which amended the date range for all counts.  Dkt. 140. Trial commenced on the SSI on January 12, 2026.  On January 29, 2026, the jury reached a verdict and unanimously found the defendant guilty of all fourteen charged counts in the SSI.  Dkt. 367.  The defendant has filed post-trial motions that remain pending, and the Court has permitted the parties to file supplemental briefing.  *See* Dkts. 425, 429.  As part of its supplemental briefing, the government intends to cite excerpts of the grand jury transcript related to the SSI, which the government previously produced to the defendant on September 22, 2025.  Specifically, the government will cite portions of testimony presented to the grand jury that make it clear that the SSI's broadened date range included the defendant's December 2023 download of trade secrets.

The law permits the Court to order disclosure of the grand jury testimony related to the SSI in connection with these judicial proceedings.  At this stage, the requested disclosure of the grand jury testimony related to the SSI would not implicate the policy concerns articulated by the Ninth Circuit. *See In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. at 470 (stating that "once a grand jury has concluded its work, the courts have, to some degree, relaxed the secrecy principle").  Moreover, disclosure of the grand jury testimony is in the interest of justice because it would permit the Court to consider the testimony related to the SSI regarding the events underlying the offenses of conviction.

DATED: June 2, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Roland Chang*
CASEY BOOME
MOLLY K. PRIEDEMAN
ROLAND CHANG
Assistant United States Attorneys

APPL. AND [PROPOSED] ORDER TO DISCLOSE
GRAND JURY TRANSCRIPT
3:24-cr-00141-VC                          2

[PROPOSED] ORDER

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), the United States may disclose the grand jury testimony related to the Second Superseding Indictment in the above-captioned case.

**IT IS SO ORDERED.**

DATED:   June 3, 2026

_____
HONORABLE VINCE CHHABRIA
United States District Judge

APPL. AND [PROPOSED] ORDER TO DISCLOSE
GRAND JURY TRANSCRIPT
3:24-cr-00141-VC                              3