UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>   Plaintiff,<br><br>  v.<br><br>LINWEI DING,<br><br>   Defendant. | Case No.  24-cr-00141-VC-1<br><br>**ORDER DENYING DING'S MOTION FOR NEW TRIAL PURSUANT TO *BATSON V. KENTUCKY***<br><br>Re: Dkt. No. 392 |

Ding's motion pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), is denied because Ding has not shown that the government's proffered reasons for exercising its challenged strikes were pretextual. At trial, Ding twice challenged the government's exercise of its peremptory strikes against prospective jurors of Chinese descent. Ding first raised a *Batson* challenge after the government struck Juror 45, which was the government's third overall strike and its second strike against a prospective juror of Chinese descent. Ding again raised a *Batson* challenge after the government struck Juror 84, which was the government's fifth overall strike and its third against a prospective juror of Chinese descent. Ding timely raised both *Batson* challenges, and the Court asked the government to articulate its race-neutral reasons for each challenged strike. After considering those reasons, the Court denied the challenges without prejudice to filing a written post-trial motion. The Court now concludes that Ding has not met his burden to show that the government's strikes were motivated by discriminatory intent.

The government consistently exercised its challenges based on prospective jurors' statements expressing: (1) strong negative opinions about Google; (2) strong anti-Administration

views; and (3) concern about the juror's ability to follow the law.[1] Ding's comparative analysis does not undercut this because it focuses on seated jurors whose statements were not as extreme or case specific as the statements made by the jurors the government struck. Ding's assertion that the government's previous attempts to excuse the struck jurors for cause adds to the inference of racial discrimination is also unpersuasive. If the government has a colorable argument for excusal based on hardship or cause, it is natural that it would prefer to have the juror excused on that basis rather than having to exercise one of its peremptory challenges.

With respect to Juror 84, Ding also argues that the government's stated reasons were not race-neutral. The government's proffered reasons for striking Juror 84 included Juror 84's statements questioning the government's motive for prosecuting IP theft cases against Chinese nationals, which Juror 84 referred to as often being based in "witch-hunting or racial discrimination." It is true that the government cannot simply assume that a juror of a certain racial group will be biased in favor of the defendant. *United States v. Thompson*, 827 F.2d 1254, 1260 (9th Cir. 1987). But where a prospective juror makes a statement suggesting that their concern about racial discrimination might prevent them from being impartial, the government does not discriminate by striking such a juror based on their statement. *See Cummings v. Martel*, 796 F.3d 1135, 1147 (9th Cir. 2015), *opinion amended on denial of reh'g*, 822 F.3d 1010 (9th Cir. 2016); *Cook v. LaMarque*, 593 F.3d 810, 820 (9th Cir. 2010); *see also United States v. Mitchell*, 502 F.3d 931, 953 (9th Cir. 2007). Here, Juror 84 made statements in his juror questionnaire that justified the government's concern about his ability to be impartial. But in any case, that was not the government's sole basis for excusing Juror 84. The government also pointed to Juror 84's statements expressing concern about Google's role in society. Although the

---

[1] The government articulated the following reasons for its challenged strikes:
- Juror 43: strong views about Google and statements expressing concern about his ability to follow laws he personally disagreed with;
- Juror 45: strong views against the administration and skepticism about the government's motive for prosecuting the case;
- Juror 84: statements expressing concern about Google's influence on society and that cases of IP theft against Chinese nationals are often motivated by racial discrimination.

Court may have arrived at a different conclusion about Juror 84's ability to serve as an impartial juror, that is not enough to conclude that the government's strike was based on racial discrimination.[2]

      **IT IS SO ORDERED.**

Dated: June 12, 2026

                                          _____

VINCE CHHABRIA
United States District Judge

---

[2] Ding points to the fact that, after the government stated its reasons for striking Juror 84, the Court noted that Juror 84 "seemed very solid" and expressed concern about the strike. *See* Transcript of Voir Dire on Jan. 7, 2026 (Dkt. No. 369) at 252:13-16, 254:8-11. But ultimately, the relevant question is not whether the Court agrees with the government's assessment of a particular juror but rather whether the government's asserted rationale is credible. *See United States v. Hernandez-Garcia*, 44 F.4th 1157, 1167 (9th Cir. 2022) ("Ultimately, we must determine whether the 'stated reasons were the prosecutor's genuine reasons for exercising a peremptory strike.'") (*quoting Green v. LaMarque*, 532 F.3d 1028, 1030 (9th Cir. 2008)).