

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*Roland Chang*                                                                                   *1301 Clay Street, Suite 340S*
*Assistant United States Attorney*                                                                         *Oakland, CA 94612*
*(415) 871-5204*
*Roland.Chang@usdoj.gov*

July 16, 2026

Re:   ***United States v. Linwei Ding* (24-CR-00141-VC)**
       **Response to Court's July 10, 2026 Order (Dkt. 441)**

To the Court:

As directed by the Court's July 10, 2026 Order (Dkt. 441), the government respectfully submits this letter identifying authorities that address the following scenario:

> "(1) the government presents a theory of guilt at trial (in this case, the upload theory); (2) the government identifies to the jury several pieces of evidence it believes support that theory of guilt (in this case, the MiraclePlus presentation, the Innovation Park pitch, etc); (3) the government, in support of a sufficiency-of-the-evidence argument on appeal, identifies an additional piece of evidence that was in the trial record but not included in the government's arguments to the jury about its theory of guilt (in this case, the April 2023 version of the teaser document, Trial Ex. 1137); and (4) the court discusses whether the additional piece of evidence can be used to uphold the conviction."

1. **Cases in which a court reviewing the sufficiency of the evidence relied on admitted evidence that the government did not argue to the jury.**

   a. *United States v. Nevils*, 548 F.3d 802, 808 & n.6 (9th Cir. 2008), *vacated on reh'g en banc*, 598 F.3d 1158 (9th Cir. 2010) (panel opinion in gun possession case considering trial testimony that the defendant appeared to reach toward his lap when initially approached by officers, while noting that the government "did not make any similar argument to the jury" at trial); *United States v. Nevils*, 598 F.3d 1158, 1169 (9th Cir. 2010) (en banc) (considering that same testimony in concluding that the evidence was sufficient to support the conviction).

1

b. *See United States v. Dann*, 652 F.3d 1160, 1170 & n.3 (9th Cir. 2011) (in forced labor case, rejecting defendant's contention that government forfeited certain sufficiency-of-the-evidence arguments because it had not focused on evidence supporting those arguments at trial, and reasoning that "[w]hile the government focused on reputational and financial harm, there was surely evidence of other harms presented to the jury . . . This is not a case where the government suddenly suggests on appeal an entirely different theory that would have required different [jury] instructions.").

c. *See United States v. Lazarenko*, 564 F.3d 1026, 1037–38 (9th Cir. 2009) ("The government was somewhat inconsistent in how it portrayed these [money laundering] counts to the jury. During its closing argument, when summing up [the] counts [], the government at times referred only to the fraud allegations, making no mention of extortion proceeds. Nonetheless, argument is not evidence, and the evidence shows that proceeds from extortion ended up in the [relevant accounts]. At trial, the government showed that Lazarenko laundered proceeds from the extortion. Recognizing that we consider these facts in the light most favorable to the government [] we affirm the convictions on [these] counts . . . .").

2. **Authorities directing a court reviewing a sufficiency challenge to consider all evidence presented at trial.**

a. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original) ("Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution."); *United States v. McCarron*, 30 F.4th 1157, 1165 n.5 (9th Cir. 2022) (citing same).

b. *United States v. Castaneda*, 16 F.3d 1504, 1510 (9th Cir. 1994) ("In evaluating the evidence, we consider all of the evidence presented at trial . . . .").

c. *See also* Final Jury Instruction No. 17 (Dkt. 362) ("Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence . . . .").

3. **Authorities supporting the principles that attorney argument is not evidence and that jurors are presumed to follow a court's instructions.**

a. Final Jury Instruction No. 5, "What is Not Evidence" (Dkt. 362) ("Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. . . Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.")

2

b. Final Jury Instruction No. 4, "What is Evidence" (Dkt. 362) ("The evidence you are to consider in deciding what the facts are consists of: (1) the sworn testimony of any witness; (2) the exhibits received in evidence; and (3) any facts to which the parties have agreed.").

c. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987) ("The rule that juries are presumed to follow their instructions is a pragmatic one . . . .")

d. *CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009) ("[I]n all cases, juries are presumed to follow the court's instructions").

e. *United States v. Reyes*, 660 F.3d 454, 468 (9th Cir. 2011) (*citing Zafiro v. United States*, 506 U.S. 534, 540 (1993)) ("Jurors are presumed to follow the court's instructions").

f. *See also Boyde v. California*, 494 U.S. 370, 384 (1990) ("[A]rguments of counsel generally carry less weight with a jury than do instructions from the court.").

4. **The government has not identified any authority holding that a deliberating jury must limit its consideration of admitted evidence to the evidence the government highlighted in its arguments to the jury.**

5. **Nor has the government identified any authority holding that a court reviewing the sufficiency of the evidence at trial may consider only the subset of admitted evidence that the government highlighted in its arguments to the jury.**

Very truly yours,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Roland Chang*
CASEY BOOME
MOLLY PRIEDEMAN
ROLAND CHANG
Assistant United States Attorneys

3