

Grant P. Fondo
+1 650 752 3236
GFondo@goodwinlaw.com

Goodwin Procter LLP
601 Marshall Street
Redwood City, California  94063

goodwinlaw.com
+1 650 752 3100

July 16, 2026

The Honorable Vince Chhabria
United States District Court for the Northern District of California
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue
17th Floor, Courtroom 4
San Francisco, CA 94102

**Re:**     ***United States v. Ding*, Case No. 3:24CR00141-001 VC**
          Defendant's Response to the Court's July 10, 2026 Order Inviting Supplemental Case Law

Dear Judge Chhabria:

Pursuant to the Court's Order dated July 10, 2026 (Dkt. No. 441), Defendant Linwei Ding respectfully submits this letter identifying case law responding to the Court's request for the parties to:

> identify[] case law that addresses the following scenario: (1) the government presents a theory of guilt at trial (in this case, the upload theory); (2) the government identifies to the jury several pieces of evidence it believes support that theory of guilt (in this case, the MiraclePlus presentation, the Innovation Park pitch, etc); (3) the government, in support of a sufficiency-of-the-evidence argument on appeal, identifies an additional piece of evidence that was in the trial record but not included in the government's arguments to the jury about its theory of guilt (in this case, the April 2023 version of the teaser document, Trial Ex. 1137); and (4) the court discusses whether the additional piece of evidence can be used to uphold the conviction.[1]

Mr. Ding submits for the Court's consideration the following cases:

1. *Cola v. Reardon*, 787 F.2d 681, 693 (1st Cir. 1986) (holding that although evidence supporting the appellate rationale was before the jury, due process barred affirmance because the

---

[1] The Government did not identify this additional piece of evidence until it filed its supplemental brief on June 5, 2026, after Mr. Ding's filing on May 27, 2026 and the Government represented that "there are no explicit statements of Ding's intent to benefit the PRC prior to uploading the stolen trade secrets." *See* Dkt. No. 416 at 13. Thus, while Mr. Ding was able to respond to this new theory during the parties' last hearing (s*ee* June 16, 2026 Tr. at 8-11), by submitting this letter Mr. Ding is not waiving and respectfully preserves his objection to the Government's effort to change its position. *Cf. Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226–27 (9th Cir. 1988).

.



Judge Chhabria
July 16, 2026
Page 2

prosecution had not "built its case" on that evidence and made "no meaningful attempt . . . to relate the evidence to the theory adopted on appeal")

2. *United States v. Barker*, 542 F.2d 479, 484–85 (8th Cir. 1976) (reversing conviction for insufficient evidence where certificates establishing an essential element were received by the trial court in chambers and part of the evidentiary record but never presented to the jury, and holding that a court "may not in a jury trial, in determining the sufficiency of the evidence to support a conviction, consider matters which are not properly before the jury")

3. *United States v. Boulahanis*, 677 F.2d 586, 590–91 (7th Cir. 1982) (reversing a conviction for extortionate collection of an extension of credit where an alternative extension-of-credit basis might have been inferred from the trial record but the government had not met its burden of proof, and noting that "the theory of the extension of credit that the government actually pressed" at trial "was different, and untenable")

4. *United States v. Ciminelli*, 598 U.S. 306, 316–17 (2023) ("[T]he Government asks us to cherry-pick facts presented to a jury charged on the right-to-control theory and apply them to a *different* wire fraud theory in the first instance. In other words, the Government asks us to assume not only the function of a court of first view, but also of a jury. That is not our role.")

5. *United States v. Didonna*, 866 F.3d 40, 49–51 (1st Cir. 2017) (refusing to consider, on sufficiency review, a theory of extension of credit that was premised on evidence admitted at trial but "never advanced in the trial court," explaining that the government "must turn square corners" and cannot rely on one theory at trial and "an entirely different theory to uphold the verdict" (citing *Dunn v. United States*, 442 U.S. 100, 106 (1979)), and reversing the conviction where the theories argued to the jury were insufficient)

6. *United States v. Mayfield*, No. 25-5013, 2026 WL 590050, at *3 (10th Cir. Mar. 3, 2026) (doubting that reviewing courts have "free rein to pick through the entire record" for a ground of affirmance on a theory "prosecutors never presented to a jury," and affirming instead on the false statement identified and argued in closing)

7. *United States v. Mittelstaedt*, 31 F.3d 1208, 1219–20 (2d Cir. 1994) (declining to sustain a mail fraud conviction based on the government's appellate contention that a bribe reflected in the trial record inflated the purchase price, where that theory was not mentioned in the indictment, argued to the jury, or addressed in the jury charge, and stating that the court would "refuse to affirm a conviction based upon a theory that was never presented to the jury")

8. *United States v. Yates*, 16 F.4th 256, 265–68 (9th Cir. 2021) (limiting sufficiency review to the theories "the government argued to the jury" and refusing to uphold the verdict on a theory the government advanced for the first time on appeal)

The defense thanks the Court for the opportunity to provide these additional cases and is available should the Court require anything further.



Judge Chhabria
July 16, 2026
Page 3


Respectfully,

Grant P. Fondo